IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAULA GARCIA,<br><br>     Plaintiff,<br><br>  vs.<br><br>CASEY'S RETAIL COMPANY,<br><br>     Defendant. | 4:15CV3100<br><br>MEMORANDUM AND ORDER |

Defendant moves for a pretrial order excluding the medical causation opinion of Plaintiff's treating provider, Dr. Michael Jobst, and the "KRVN Daily Weather Record" at trial. (Filing No. 35). Plaintiff moves to exclude the testimony of Kristi Miller, employee and manager of Casey's General Stores, Inc., regarding the use and effectiveness of "Ice Melt." (Filing No. 39). The motions will be denied.

Defendant argues the KRVN Daily Weather Record is handwritten and unsigned, and there is "no indication of who wrote the notes, nor are there any indications of what qualifications (if any) the unknown author had to measure temperature or weather conditions." (Filing No. 36, at CM/ECF p. 3-4). The record includes weather observations, not expert opinions. (Filing No. 37-1). As such, the reasoning in Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), is not applicable. Instead, the Federal Rules of Evidence—most notably the hearsay exceptions embodied within the Rules—govern whether the weather record is admissible. The court will make that decision when and if the weather record is offered at trial.

Defendant moves to exclude the medical causation testimony of Dr. Michael Jobst. Dr. Jobst's opinion letter states, "It is my opinion that Ms. Garcia's rectal prolapse

was the result of the fall that occurred in 2013." (Filing No. 37-1, at CM/ECF p. 4). Defendant argues Dr. Jobst lacks a sufficient basis for this opinion under Daubert, noting Plaintiff admitted that after she fell, she immediately got up, continued fueling her vehicle, paid for her gas, and denied having any pain. (Filing No. 36, at CM/ECF p. 5).

The court notes that Plaintiff also testified that within an hour after the fall, she was experiencing discomfort and sought emergency room treatment for anorectal and tailbone pain. (Filing No. 37-1, at CM/ECF p. 9-10). More importantly, Dr. Jobst's opinions are based on his training, experience, and treatment of Plaintiff. Dr. Jobst is a physician and surgeon who assessed and evaluated Plaintiff; gathered her medical history; reviewed her laboratory, colonoscopy, and "X-ray" results; monitored her symptoms; managed her medications; and performed laparoscopic surgery to repair her rectal prolapse. (Filing No. 44-1; Filing No. 44-2). Having applied a Daubert analysis to the facts of record, the court finds Defendant's challenges go to the weight of Dr. Jobst's testimony, not its admissibility.

Plaintiff moves to exclude the "expert testimony" of Kristi Miller, an employee and manager for Defendant, who is identified to testify regarding "the usage and effectiveness of 'Ice Melt.'" (Filing No. 41-1, at CM/ECF p. 2). Plaintiff argues Miller cannot provide this testimony absent knowledge of its chemical compound and make-up, its rate of melting in relation to various weather conditions, and the varied methods of application depending on the surface type. (Filing No. 40, at CM/ECF p. 4).

Provided foundation is laid, Miller can explain when and why Ice Melt is used based on her personal knowledge and past experience, even if she cannot explain the science behind how it works. Plaintiff's Daubert motion will be denied.

Accordingly,

IT IS ORDERED:

1) Defendant's motion, ([Filing No. 35](Filing No. 35)), is denied.

2) Plaintiff's motion, ([Filing No. 39](Filing No. 39)), is denied.

September 26, 2016.

BY THE COURT:<br>
*s/ Cheryl R. Zwart*<br>
United States Magistrate Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.